UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00003-SEB-TAB |
| ) | |
| ROBERT WILLIAMS, ) | -01 |
| ) | |
| Defendant. ) | |

## **ORDER**

Defendant filed a motion seeking compassionate release. Dkt. 67. He seeks immediate release from incarceration because of the COVID-19 pandemic. He argues that "extraordinary and compelling reasons" support his release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because he has various medical conditions that place him at risk for having a severe illness if infected with COVID-19 and he cannot adequately protect himself from being infected while incarcerated. *See, e.g.*, dkt. 72.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds 'extraordinary and compelling reasons warrant[ing] such a reduction.' 18 U.S.C. § 3582(c)(1)(A)." *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). Ultimately, however, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence

reduction." *United States v. Newton*, __ F.3d __, No. 20-2893, 2021 WL 1747898, at *2 (7th Cir. May 4, 2021).

Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See, e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021); *United States v. Shivers*, No. 1:15-cr-111-TWP-MJD-2, dkt. 154 (S.D. Ind. Dec. 11, 2020); *United States v. Jansen*, No. 1:08-cr-132-SEB-TAB-12, dkt. 1336 (S.D. Ind. Nov. 25, 2020); *United States v. Uziekalla*, No.3:15-cr-43-RLY-CMM-28, dkt. 1652 (S.D. Ind. Nov. 19, 2020). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States, including the Pfizer and Moderna vaccines. Although no vaccine is perfect, the CDC has recognized that mRNA vaccines like the Pfizer and Moderna vaccines are effective at preventing COVID-19 and that COVID-19 vaccination prevented most people from getting COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 26, 2021). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against most variants currently spreading in the United States. *Id.* The vaccines are not 100% effective, and some vaccinated people may still get sick. *Id.* The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of July 26, 2021, the BOP has administered more than 200,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited July 26, 2021). In April 2021, the BOP Director testified to the Senate Judiciary Committee that all BOP inmates would be provided the opportunity to be vaccinated by mid-May 2021. *See* https://www.bop.gov/resources/news/20210415_hearing.jsp (last visited July 26, 2021). And, indeed, about one half of the inmates at Defendant's facility have now been fully vaccinated. *See* https://www.bop.gov/coronavirus/ (last visited July 26, 2021) (reporting that 919 inmates at FCI Edgefield have been fully inoculated against COVID-19); *see* https://www.bop.gov/mobile/about/population_statistics.jsp (last visited July 26, 2021) (reporting that, as of July 15, 2021, 1724 inmates are housed at FCI Edgefield, including inmates at the satellite camp).

Recently, the U.S. Court of Appeals for the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, __ F.4th __, No. 20-2906, 2021 WL 3076863 (7th Cir. July 21, 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at *2.

Given the reasoning of *Broadfield* and the high rate of vaccination at Defendant's facility, it appears to the Court that the COVID-19 pandemic no longer creates an extraordinary and

compelling reason warranting relief under § 3582(c)(1)(A). Accordingly, within **14 days of the date of this Order** Defendant shall **show cause** why his motion for compassionate release should not be denied because the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release. In responding, Defendant must explain: (1) whether he has received the COVID-19 vaccine; (2) if he has not received the COVID-19 vaccine, whether he has been offered the vaccine and refused it; and (3) if he has refused the COVID-19 vaccine, he must explain why. Any explanation of the reason Defendant refused the COVID-19 vaccine must be supported by admissible evidence (such as an affidavit or declaration under penalty of perjury).

**If Defendant fails to respond as required by this Order, the Court will deem his motion abandoned and deny it without prejudice.**

   **IT IS SO ORDERED.**

Date:  7/28/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel