UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:17-cr-00003-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ROBERT WILLIAMS | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cr-00003-SEB-TAB |
| ) | |
| ROBERT WILLIAMS, ) -01 | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Robert Williams has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 67. Mr. Williams seeks immediate release from incarceration or a reduction in sentence based on his risk of severe illness should he contract COVID-19. Dkts. 67, 72. For the reasons explained below, his motion is **DENIED**.

**I.   Background**

In 2019, Mr. Williams pled guilty to six counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (Counts 1-6), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 12). Dkts. 54, 58. According to the presentence investigation report, over the course of several weeks, Mr. Williams robbed six stores in the Indianapolis area by brandishing a firearm at employees and demanding cash. Dkt. 47. The Court sentenced Mr. Williams to 69 months of imprisonment per count for Counts 1-6, to run concurrently, and 87 months of imprisonment on Count 12, to run consecutively, for a total of 156 months of imprisonment. Dkts. 54, 58. The Bureau of Prisons (BOP) lists Mr. Williams's anticipated release date (with good-conduct time included) as June 9, 2028.

Mr. Williams is 33 years old. He is currently incarcerated at FCI Edgefield in Edgefield, South Carolina. As of January 7, 2022, the BOP reports that 30 inmates and no staff members at FCI Edgefield have active cases of COVID-19; it also reports that 229 inmates at FCI Edgefield have recovered from COVID-19 and that 3 inmates at FCI Edgefield have died from the virus. https://www.bop.gov/coronavirus/ (last visited Jan. 10, 2022). The BOP also reports that 1368 inmates at FCI Edgefield have been fully inoculated against COVID-19. *Id.* That is, almost 75 percent of the inmates at FCI Edgefield have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Jan. 6, 2022, the BOP reports that FCI Edgefield and its satellite camp have a total inmate population of 1834).

Mr. Williams initially filed a pro se motion for compassionate release. Dkt. 67. The Court appointed counsel, dkt. 68, and appointed counsel filed a memorandum in support of the motion for compassionate release, dkt. 72. The United States filed a brief in opposition to the motion, dkt. 76, and Mr. Williams filed a reply, dkt. 79.

The Court subsequently ordered Mr. Williams to show cause why the Court should not deny his motion for compassionate release because the risk presented by the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release. Dkt. 80. The Court also required Mr. Williams to explain whether he has received the COVID-19 vaccine and, if he has not received the COVID-19 vaccine, whether he has been offered the vaccine and refused it. *Id.* Mr. Williams responded to the Court's order, stating that he was offered the vaccine but initially declined to receive it because he was advised by a nurse that it was not known how a person with sickle cell or sickle cell trait will respond to the vaccine, and he was advised by guards at the BOP not to trust a vaccine that was made so quickly. Dkt. 81. Mr. Williams states that he thereafter did more research and consulted with his wife and attorney and decided to get the vaccine. He

requested to receive it on July 19th and July 29th. *Id.* The United States stated that Mr. Williams would receive the vaccine within 30 days, dkt. 82, but as of September 10, 2021, Mr. Williams advised that he had not yet received it, dkt. 83. The motion is now ripe for decision. As explained below, Mr. Williams has not presented an extraordinary and compelling reason warranting relief under § 3582(c)(1)(A). Thus, his motion must be denied.

**II. Discussion**

Mr. Williams seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 72. Specifically, Mr. Williams contends that because he is overweight, a carrier of the sickle cell trait and African-American, he is more susceptible to severe complications from COVID-19. Those facts, combined with the BOP's inability to control COVID-19 outbreaks in their facilities, establish extraordinary and compelling reasons to reduce Mr. Williams's sentence. *Id.* Mr. Williams acknowledges that he initially refused the COVID-19 vaccine when it was offered to him, but since that time he has changed his mind. He states that he requested to receive the vaccine twice in July but had not yet received it as of early September. Dkts. 81, 83. Based on the representation by the United States on August 11, 2021 that Mr. Williams would again be offered the vaccine within 30 days, dkt. 82, as well as the lack of any subsequent filings after September 10th from Mr. Williams stating that he has still not been offered the vaccine, the Court will assume for purposes of this order that Mr. Williams has now been fully vaccinated.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in

4

determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Mr. Williams faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.[1] While the Court sympathizes with Mr. Williams's fear of becoming infected with the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Williams has at least one risk factor (being overweight) that, according to the CDC (Centers for Disease Control and Prevention), can make you more likely to get severely ill from COVID-19.[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-

---

[1] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Mr. Williams's warden in denying Mr. Williams's administrative request for relief. Mr. Williams's warden appears not to have considered the possibility that Mr. Williams could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement. *See* dkt. 67-1. Thus, the warden's decision provides little guidance to the Court's analysis.

[2] The Court notes that Mr. Williams carries the sickle cell trait. Mr. Williams acknowledges that while sickle cell disease is on the CDC's list of conditions that can make you more likely to get severely ill from COVID-19, carrying the sickle cell trait is not on the list. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html; dkt. 79 at 3. Even if the Court were to assume that carrying the sickle cell trait was on the CDC's list of high-risk conditions, it would not change the Court's analysis, whether considered alone or in conjunction with his other conditions.

with-medical-conditions.html (last visited Jan. 7, 2022). Earlier in the pandemic, the Court found on several occasions that a defendant had established extraordinary and compelling reasons warranting release when the defendant suffered from conditions that the CDC recognized as increasing the risk of severe COVID-19 symptoms. *See*, *e.g.*, *United States v. Johnson*, No. 1:99-cr-59-JMS-DML-06, dkt. 317 (S.D. Ind. Mar. 11, 2021). Underlying those holdings was the understanding that the virus was difficult to control in a prison setting, in part because no vaccine had yet been made widely available.

The situation has now changed dramatically. Three vaccines are being widely distributed in the United States. Although no vaccine is perfect, studies have provided a growing body of evidence that mRNA COVID-19 vaccines reduce the risk associated with COVID-19 among people who are fully vaccinated, including the risk of severe illness and death. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 7, 2022). The CDC also reports that the COVID-19 vaccines authorized for use in the United States offer protection against the Delta variant. https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html (last visited Jan. 7, 2022). Indeed, in October 2021 (after the Delta variant began to surge in the United States), unvaccinated people had a five-times greater risk of testing positive for COVID-19 and a 14-times greater risk of dying from COVID-19 as compared to fully vaccinated people. *See* https://covid.cdc.gov/covid-data-tracker/#rates-by-vaccine-status (last visited Jan. 7, 2022). The CDC also reports that the COVID-19 vaccines authorized for use in the United States are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant. https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited Jan. 7, 2022).

The Court recognizes that the vaccines are not 100% effective, and some vaccinated people may still get sick. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 7, 2022). Importantly, though, the CDC reports even when people who are fully vaccinated develop symptoms of COVID-19, they tend to be less severe than in people who are unvaccinated. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of January 7, 2022, the BOP has administered more than 275,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited Jan. 7, 2022). Mr. Williams is now considered fully vaccinated—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, three-quarters of the inmates housed at FCI Edgefield have received both doses of the COVID-19 vaccine. This high rate of vaccination at FCI Edgefield should provide Mr. Williams with additional protection against infection. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 7, 2022) ("Vaccination can reduce the spread of disease, which helps protect those who get vaccinated and the people around them.").

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). In so holding, the court reasoned, "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it

7

impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.* at 803. Since its holding in *Broadfield*, the Seventh Circuit has re-affirmed this conclusion on several occasions. *See*, *e.g.*, *United States v. Kurzynowski*, 17 F.4th 756, 760–61 (7th Cir. 2021) ("Vaccinated prisoners in 2021 do not face the same risks of serious illness as they did in 2020….Because Kurzynowski is vaccinated, he is ineligible for relief on remand.") (citing *Broadfield*, 5 F.4th at 803).

Mr. Williams has now been fully vaccinated against COVID-19 and almost 75% of the inmates at his facility have been fully vaccinated. Mr. Williams also has not presented any evidence suggesting that he is among the minority of inmates who cannot benefit from the COVID-19 vaccine. Given these facts, and the rationale of *Broadfield*, the Court declines to exercise its discretion to find that the risk Mr. Williams faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A). *See United States v. Gaskins*, No. 1:16-cr-249-JMS-MJD-3, dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated). Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III. Conclusion

For the reasons stated above, Mr. Williams's motion for compassionate release, dkt. [67], is **denied**.

**IT IS SO ORDERED.**

Date:   1/13/2022

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel